In the Matter of TIDEWATER INC., Gulf Fleet Supply Vessels, Inc., Zapata Gulf Marine Operators, Inc. and Tidex, Inc., Owners and/or Owners Pro Hac Vice of the Tug Gulf Miss.

Civ. A. No. 92–1799.

United States District Court, W.D. Louisiana, Lake Charles Division.

Oct. 17, 1994.

Cliffe E. Laborde, III, Susan S. Robinson, Laborde & Neuner, Lafayette, LA, for Tidewater Inc., Gulf Fleet Supply Vessels Inc., Zapata Gulf Marine Operators Inc., Tidex Inc.

Robert W. Fenet, Woodley Williams Fenet Boundreau & Brown, Lake Charles, LA, for Tennessee Gas Pipeline Co.

Terrence C. Forstall, Courtenay Forstall Guilbault Hunter & Fontana, New Orleans, LA, for Koch Exploration Co.

Mark A. Lowe, Liskow & Lewis, Lafayette, LA, Donald R. Abaunza, Russell Keith Jarrett, Liskow & Lewis, New Orleans, LA, for Mobil Oil Exploration & Producing Southeast Inc., Norfolk Energy Inc., Union Oil of California Exploration Corp.

Daniel L. Daboval, David R. Richardson, Chaffe McCall Phillips Toler & Sarpy, New Orleans, LA, for Pogo Producing Co. Inc.

John F. DeRosier, Office of John F. DeRosier, Lake Charles, LA, for David Whelchel.

Robert W. Fenet, Woodley Williams Fenet Boudreau & Brown, Lake Charles, LA, for Tennessee Gas Pipeline Co.

G. Edward Merritt, Terriberry Carroll & Yancey, New Orleans, LA, for Piney Point Transp. Co.

Craig W. Marks, Jeansonne & Briney, Lafayette, LA, for Conoco, Inc.

Donald R. Abaunza, Liskow & Lewis, New Orleans, LA, for Sonat Exploration Co.

Andrew Podolnick, Chevron U S A Inc., New Orleans, LA, for Chevron U S A Inc.

Cliffe E. Laborde, III, Susan S. Robinson, Laborde & Neuner, Lafayette, LA, for Wilford James Broussard, Lloyds of London, Abu Dhabi Nat. Ins. Co., Reliance Ins. Co., Houston Cas. Co., All American Marine Slip, Somerset Ins. Services of Texas Inc., La Reunion Francaise.

Terrence C. Forstall, Courtenay Forstall Guilbault Hunter & Fontana, New Orleans, LA, for Koch Exploration Co.

### MEMORANDUM RULING

TRIMBLE, District Judge.

Presently before this Court are motions to dismiss or alternatively to stay proceedings (Doc. # 112 & 123) filed by Underwriters at Lloyd's and Certain Insurance Companies subscribing to policy numbers SP91–2782A and SP91–1782B(1), Abu Dhabi National Insurance Company, Reliance Insurance Company, Houston Casualty Company, All American Marine Slip, Sommerset Insurance Services of Texas, Inc., and La Reunion Francaise (Underwriters).

Mobil Exploration and Producing Southeast, Inc., Union Oil of California Exploration Corporation, Norfolk Energy, Inc., Koch Exploration Company, and Pogo Producing

Company, Inc. (Plaintiffs) have made claims against the Underwriters asserting Louisiana's Direct Action Statute, LSA–R.S. 22:655 (DAS). Underwriters contend that the DAS is not applicable in this case and that, therefore, the claims against them should be dismissed.

This case arises out of an allision between a vessel and a fixed platform on the outer continental shelf. On September 23, 1992, the barge Iron Mike in the tow of the tug Gulf Miss allided with an unmanned platform located in West Cameron Block 192, approximately 35 miles off the coast of Louisiana. The issue presented is whether Louisiana's DAS is applicable under these circumstances. This court agrees with the reasoning set forth in the Magistrate's Report and Recommendation, and concludes that the Louisiana DAS cannot be applied in this case.

This Court finds *Continental Oil Co. v. London S.S. Owner's Mut. Ins. Assoc.*, 417 F.2d 1030 (5th Cir.1969), *cert. denied*, 397 U.S. 911, 90 S.Ct. 911, 25 L.Ed.2d 92 (1970) to be controlling and dispositive of this issue.

*Continental Oil* involved the allision of a vessel with a fixed platform located on the outer continental shelf off the coast of Louisiana. The Court found that under the Outer Continental Shelf Lands Act (OCSLA) Congress did not intend for Louisiana's DAS to become surrogate federal law on the outer continental shelf, as there were no voids or gaps in the federal law which would necessitate its adoption. 417 F.2d at 1036–1037. The Court reasoned, "the collision was a classic maritime case within the validly extended Admiralty jurisdiction in which both substantive rights and remedies were quite ample." 417 F.2d at 1037.

Plaintiffs contend that the OCSLA is not the jurisdictional basis of this case [1], and that in the present case, unlike in *Continental Oil*, the policy of insurance was delivered in Louisiana, therefore this court should distinguish *Continental Oil*, and apply Louisiana's DAS according to its own terms.[2] This argument is nearly persuasive. However, in *Continental Oil* the district court had approached the problem as the plaintiffs here suggest. On the basis of Louisiana law and without considering the impact of the OCSLA, the district court concluded that the DAS was not applicable. 417 F.2d at 1033.

On appeal, the Fifth Circuit disapproved of the disposition of the case without consideration of the OCSLA. Although the Court agreed with the conclusion of the district court, it did not believe the issue should have been decided solely on the basis of Louisiana law. *Id.* This Court will decline the invitation to make a similar mistake.

It is true that the DAS is applicable under Louisiana law in those instances where the policy of insurance was delivered in this state.[3] However, in the present case where the accident occurred on the outer continental shelf, an area of exclusive federal jurisdiction, and where the facts so closely resemble the facts of *Continental Oil*, this court is constrained to follow the Fifth Circuit precedent, and must consider the OCSLA. As articulated in *Continental Oil*, there are no gaps in the federal law which would necessitate the adoption of Louisiana's DAS as applicable under the Act. The traditional laws of Admiralty provide sufficient remedies without the addition of a means to sue insurers directly in connection with accidents occurring on the outer continental shelf.

ACCORDINGLY,

IT IS ORDERED that the Motions to Dismiss be granted.

IT IS FURTHER ORDERED that the alternative Motions to Stay be denied as moot.

---

1. The plaintiffs have cited this court's jurisdictional basis under 28 U.S.C. § 1333. (Plaintiff's Memorandum in Opposition to Underwriter's Motion to Dismiss or For Summary Judgment or To Stay, p. 6).

2. The Louisiana Direct Action Statute permits an action against an insurer of a tortfeasor if the plaintiff can establish one of the following: (1) the accident occurred in Louisiana; (2) the policy was written in Louisiana; (3) the policy was delivered in Louisiana. LSA–R.S. 22:655; *Webb v. Zurich Insurance Co.*, 251 La. 558, 205 So.2d 398 (1967). *Grubbs v. Gulf Intern. Marine, Inc.*, 13 F.3d 168 (5th Cir.1994).

3. See note 2, *supra*.

### JUDGMENT

For the reasons stated in the Report and Recommendation of the Magistrate Judge previously filed herein, and the Memorandum Ruling of this date, and after an independent review of the record and a *de novo* determination of the issues, and consideration of the objections filed therein, and having determined that the findings are correct under the applicable law; it is

ORDERED that the Motions to Dismiss before the court be and hereby are GRANTED, and that the alternative Motions to Stay be DENIED as moot.